IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ROBERT AND ELLEN REDENSKI**

    **v.**

**AMOS FINANCIAL, LLC**

: No. 3:17-cv-1119
: (Hon. James M. Munley)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**BACKGROUND**

Plaintiffs Robert and Ellen Redenski (the "Redenskis") own their home at 14 Holland St., Wilkes-Barre, PA 18702. In 2007, the Redenskis obtained a mortgage loan from M&I Bank FSB in the original principal amount of $120,000.00. (*See* Exhibit A). At closing, the Redenskis signed a Pennsylvania Fannie Mae/Freddie Mac Uniform Instrument[1], conveying a mortgage interest on their home (the "Mortgage"). The Mortgage secured a debt evidenced by a Uniform Multistate Fixed Rate Note-Single Family-Fannie Mae/Freddie Mac, obligating the Redenskis to repay principal balance of the mortgage with interest at the annual rate of 9.950% (the "Uniform Note"). (*See* Exhibit B).

---

[1] A discussion of the Uniform Form can be found at: Forrester, Julia, Fannie Mae/Freddie Mac Uniform Mortgage Instruments: The Forgotten Benefit to Homeowners (2007). Missouri Law Review, Vol. 72, No. 4, 2007. Available at SSRN: https://ssrn.com/abstract=2713879

The Uniform Note amortizes the payment of principal and interest, obligating the Redenskis to "pay principal and interest by making a payment every month." (*See* Exhibit B, Uniform Note, Section 3(A)). The payment terms require that the monthly payments be made on the first of each month in the amount of $1,048. Regarding the application of monthly payments, the Note provides:

> "I will make my monthly payment on the 1st day of each month beginning on October 1, 2007. I will make these monthly payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. **Each monthly payment will be applied as of its scheduled due date** and will be applied to interest before Principal. If, on September 1, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date.""

(*See* Exhibit B, Note, Section 3(A)). (Emphasis added).

The Mortgage references the Uniform Note and explains that "[the Redenskis have] promised to pay this debt in regular Periodic Payments…." (*See* Exhibit A, Mortgage, pg. 2). The Mortgage defines the "Periodic Payment" as "the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument." (Mortgage, pg. 2). Like the Note, the uniform Mortgage contains terms regarding the application of Periodic Payments:

> "**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3 [Funds for Escrow Items]. **Such payments shall be applied to each Periodic Payment in the order in which it became due**. Any

> remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.
> * * *
> Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments."

(*See* Exhibit A, Mortgage, Section 2). (Emphasis supplied).

The servicing of the Redenskis' mortgage was subsequently assigned to BSI Financial Services, Inc. and in April 2014, BSI agreed to a modification of the loan's terms. (*See* Exhibit C, Modification). Under the modification, the principal amount of the loan was modified to $54,000.00 and the interest rate reduced to 7.00%. The modification calls for a monthly principal and interest payment of $395.31 and estimated monthly payments for taxes and insurance in the amount of $207.65. The modification provides that "[e]xcept as otherwise specifically provided for in this [Modification], the Note and [Mortgage] will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this [Modification]." (*See* Exhibit C, Modification).

In May 2014, before the first payment was due on the modified loan, the Mortgage was assigned to Defendant Amos Financial, LLC ("Amos"). At the same time, the Redenskis suffered some financial difficulties and missed some Periodic Payments under Mortgage. The Redenskis worked hard to catch up, and between May 2014 and January 2018, the Redenskis made Periodic Payments totaling $12,689.82, or a little more than thirty-two (32) Periodic Payments under the

Mortgage, as modified. (*See* Exhibit E). As each payment was received by Amos, instead of applying the payments according to the scheduled due date of each payment, Amos applied the payment as of the date it was received. Of the $12,689.82 received by Amos, Amos applied only $58.00 towards the principal balance of the loan in 2014. (*See* Exhibit E). For every payment made after August 2014, Amos applied every single penny to interest. In effect, Amos converted the Redenskis' scheduled interest mortgage to a daily accrual loan, in direct contravention of the Mortgage and Uniform Note.

During this time, Amos admits that it represented to the Redenskis that it would not foreclose on the loan as long as the Redenskis made regular monthly payments. Despite this pledge, Amos filed a foreclosure complaint in the Luzerne County Court of Common Pleas on November 1, 2016. (*See* Exhibit F).

**PROCEDURAL HISTORY**

The Redenskis' filed their complaint in this matter on June 26, 2017. Original process was served on August 14, 2017. On September 6, 2017, the Redenskis requested the Clerk's Entry of Default in this matter.

On September 18, 2017, Amos filed a motion to set aside the entry of default, which was granted on January 4, 2018. Amos answered the Complaint on January 4, 2018.

Currently before the Court is the Redenskis' Motion for Partial Summary Judgment. The Motion asks the Court to find that Amos misapplied the Redenskis' payments in contravention of the Mortgage and Uniform Note when it applied the

payments as of the date they were received, instead of each payment's scheduled date.

**STATEMENT OF QUESTIONS INVOLVED**

1. Whether a late mortgage payment on an amortized, scheduled-interest loan must be applied to both principal and interest, according to the scheduled due date of the late payment, when the mortgage note specifies that "[e]ach monthly payment will be applied as of its scheduled due date…"?

   Suggested Answer: Yes.

**LEGAL STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard, "[a]n issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F. 3d 418, 422 (3d Cir. 2006)(citations omitted). The Supreme Court has elaborated, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 247 (1986).

**ARGUMENT**

The Mortgage and Uniform Note in this case are written contracts. When interpreting contracts, "a court's paramount consideration is the intent of the parties." *Mellon Bank, NA v. Aetna Business Credit*, 619 F. 2d 1001, 1009 (3d Cir. 1980). Under Pennsylvania law, it is well-settled that ""the intent of the parties to a written contract is contained in the writing itself." *Bohler-Uddeholm America, Inc. v. Ellwood Group*, 247 F. 3d 79, 92 (3d Cir. 2001). If the words of a contract are clear, then the contract's meaning must be determined from the contract alone. *Id. (citing Steuart v. McChesney*, 498 Pa. 45, 444 A.2d 659 (1982)).

Since the Great Depression, most residential mortgage loans have been direct reduction mortgage loans. *E.g. Sun Oil Co. v. Commission of Internal Revenue*, 562 F. 2d 258, 266 (3d Cir. 1977)(noting the popularity of direct reduction loans following the Great Depression); *see also* Franklin W. Ryan & Ralph S. Weese, *Loan Amortization Plans of Building and Loan Associations*, 8 The J. of Bus. of the Univ. of Chicago 257, 258 (1935). A direct-reduction mortgage is "[a]n amortized mortgage in which the principal and interest payments are paid at the same time—usually monthly in equal amounts—with interest being computed on the remaining balance." *See Mortgage*, Black's Law Dictionary (10th ed. 2014). Amortization refers to the process of repaying a loan over time. In an amortized loan, "there are partial payments of the principal, and accrued interest, at stated periods for a definite time." *Milwaukee Brewery Workers' Pension Plan v. Jos. Schlitz Brewing Co.*, 513 US 414, 426 (1995). When repaying an amortized loan, each payment includes a

portion of principal and a partial interest payment. *Milwaukee Brewery Workers' Pension Plan* at 426-427 (citing the textbook definition of amortization with approval).

Here, there is no questions that the loan is a direct reduction loan. The Uniform Note specifically states that the makers, the Redenskis, will "pay principal and interest by making a payment every month." (*See* Uniform Note, Exhibit B, Section 3). The loan specifies the payment amounts and the duration of the loan. More importantly, the Uniform Note specifically provides that each monthly payment shall be applied as of its scheduled date, and not the date that it is actually made:

> "I will make my monthly payment on the 1st day of each month beginning on October 1, 2007. I will make these monthly payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. **Each monthly payment will be applied as of its scheduled due date** and will be applied to interest before Principal. If, on September 1, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date.""

(*See* Exhibit B, Note, Section 3(A))(Emphasis added).

Likewise, the Mortgage makes it clear that each payment is to be applied as it is scheduled, and not as it is received:

> "**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3 [Funds for Escrow Items]. **Such payments shall be applied to each Periodic Payment in the order in which it became due.** Any

> remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

(*See* Exhibit A, Mortgage, Section 2).

The Redenskis' Motion asks the Court to interpret a rather simple, uniform document. A uniform mortgage and note form which, on their face, clearly demonstrates an intent to create a scheduled interest loan. The parties do not dispute the relevant contract documents, namely the Mortgage, Uniform Note and Modification. There is no dispute over the amount of payments, or how the payments were applied by Amos. The only dispute presently before the Court, is whether Amos' application of the payments is correct based on the application of payments provisions of the Mortgage and Uniform Note. As the Note clearly states that all payments, even late payments, must be applied to principal and interest as of their scheduled date, Amos actions in applying more than thirty-two payments almost exclusively to interest, using a daily accrual method of application, violates the terms of the Mortgage and Note.

## CONCLUSION

For the foregoing reasons, Plaintiffs Ellen and Rober Redenski respectfully request that their Motion for Partial Summary Judgment be GRANTED.

Respectfully submitted,

THE MAYS LAW FIRM PC

<u>/s/ Sean P. Mays</u>
Sean P. Mays, Esquire
PA ID No. 307518
65 W. Street Road, Suite B102
Warminster, PA 18974

Phone (215) 792-4321
Fax (215) 792-4321

sean@maysfirm.com

Dated: June 18, 2018

# CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that on this 18th day of June, 2018, I caused Plaintiff's Memorandum of Law in support of their Motion for Partial Summary Judgment to be served via ECF, as follows:

Erik M. Helbing, Esq.
Helbing Law, LLC
1328 Second Ave.
Berwick, PA 18603
*Attorney for Amos Financial, LLC*

Dated: June 18, 2018             By: /s/ Sean P. Mays
                                 Sean P. Mays, Esquire
                                 PA ID No. 307518