# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ROBERT REDENSKI and | : | No. 3:17cv1119 |
| ELLEN REDENSKI, | : | |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| | : | |
| AMOS FINANCIAL, LLC, | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is a motion for partial summary judgment filed by Plaintiffs Robert and Ellen Redenski (hereinafter "plaintiffs"). The plaintiffs request that this court find that Defendant Amos Financial, LLC (hereinafter "defendant") misapplied the plaintiffs' mortgage loan payments. (Doc. 17, Pls.' Mot. for Summ. J.). The matter has been briefed and is ripe for disposition.

## **Background**

Plaintiffs are the owners of their principal residence at 14 Holland St., Wilkes-Barre, Pennsylvania. (Doc. 18, Pls.' Stmt. Of Mat. Facts (hereinafter "SOF") ¶ 1). On August 9, 2007, the plaintiffs obtained a mortgage loan regarding the residence from M&I Bank FSB in the original principal amount of $120,000. (Id. ¶ 2). Servicing of the mortgage was subsequently transferred to BSI Financial Services. (Id. ¶ 5). In April 2014, the plaintiffs accepted and signed an offer to modify the terms of the mortgage contract. (Id. ¶ 6).

After the implementation of the modification agreement, the defendant acquired the servicing rights to the mortgage. (Doc. 1-6, Ex. F, Foreclosure Compl.). Pursuant to the terms of the promissory note (hereinafter "note"), the mortgage loan provides that "[e]ach monthly payment will be applied as of its scheduled date and will be applied to interest before [p]rincipal." (Doc. 1-2, Ex. B Payments ¶ 3). The plaintiffs claim that they paid a total of $12,689.82 towards their mortgage debt. (SOF ¶ 9). From those payments, the defendant applied only $58.00 toward principal, while applying $10,614.49 toward interest. (Id.)

On June 26, 2017, the plaintiffs filed the instant complaint claiming that the defendant breached the mortgage contract by misapplying thousands of dollars in payments solely toward interest over a course of two years instead of applying any money to the principal balance of the loan. (Doc. 1, Compl. ¶ 19). The complaint alleges the following causes of action: violations of the Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, Truth in Lending Act, Unfair Trade Practices and Consumer Protection Law, Fair Credit Extension Uniformity Act, breach of contract, and conversion.

Currently before the court is the plaintiffs' motion for partial summary judgment seeking to have the court find that the defendant breached the mortgage contract and the note by failing to apply the plaintiffs' payments to both

interest and principal. The parties have briefed their respective positions bringing this case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 15 U.S.C. § 1692 for federal debt collection violations, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(C)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

3

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

As discussed above, the plaintiffs filed a motion for partial summary judgment asking this court to find that the note and mortgage contract between the plaintiffs and the defendant required that the plaintiffs' mortgage payments be applied to both principal balance and interest. (Doc. 17, Pls.' Mot. for Summ. J.).

The plaintiffs argue that they are entitled to judgment as a matter of law on this issue, as the mortgage contract and note clearly demonstrate. The plaintiffs rely on language found in Section 2 of the mortgage contract and Section 3A of the note to support this assertion. Section 2 of the mortgage contract states that "payments shall be applied to each Periodic Payment in the order in which it became due." (Doc. 1-1, Ex. A, Mortgage, Section 2). Section 3(A) of the promissory note states that "[e]ach monthly payment—will be applied as of its scheduled due date and will be applied to interest before [p]rincipal." (Doc. 1-2, Ex. B, Note, Section 3(A)).

The plaintiffs assert that the defendant breached the plain language of the mortgage contract and note by misapplying thousands of dollars of the plaintiffs' payments solely to interest, and failing to apply any of those payments to the principal balance of the loan. The plaintiffs contend that their payments toward the loan should have been applied to both principal and interest because the loan in dispute is a direct reduction loan. According to the plaintiffs, a direct reduction loan requires payments to be applied to both interest and principal balance. The plaintiffs allege that the mortgage contract and the note are unambiguous.

In response, the defendants contend that Section 3A of the note is interpreted to mean that payments will be applied to interest before principal, an assertion that is inconsistent with the plaintiff's interpretation. (Doc. 23, Br. in

Opp. To Pls' Partial Mot. for Summ. J.).  The defendant also avers that Section 2 of the mortgage contract does not specifically address how the plaintiffs' payments should be divided.  (Id.)  Because of the parties' inconsistent interpretations, the defendant ultimately argues that there is a genuine dispute of material fact.  We agree with the defendant that there is a genuine dispute.

When construing a contract, "a court's paramount consideration is the intent of the parties."  Mellon Bank, N.A. v. Aetna Bus. Credit, Inc., 619 F.2d 1001, 1009 (3d Cir. 1980).  It is well established that "the intent of the parties to a written contract is contained in the writing itself."  Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc., 247 F.3d 79, 92 (3d Cir. 2001).  When the words from a contract are clear and unambiguous, the parties' intent must be determined from the express language in the contract alone.  Steuart v. McChesney, 444 A.2d 659, 661 (Pa. 1982).

The plaintiffs have failed to offer clear and unequivocal language from the contract to support their interpretation that the defendant was required to apply the plaintiffs' payments to principal and interest.  In their brief in support of their partial motion for summary judgment, the plaintiffs support their argument with a historical analysis noting the popularity of direct reduction loans following the Great Depression.  (Doc. 19, Br. in Supp. of Pls.' Partial Mot. for Summ. J.).  This historical analysis, however, does not have a binding effect on this court.

The plaintiffs, moreover, fail to point to express language or specific sections of the mortgage contract or note that specifically addresses the method of accepting payments towards principal and interest.

In fact, the defendant has offered an alternative, reasonable interpretation to that of the plaintiffs. See Mylan Inc. v. Smith, 723 F.3d 413, 418 (3d Cir. 2013) (holding that in a contract interpretation action, summary judgment is appropriate only where the contract's language is unambiguous—i.e., "subject to only one reasonable interpretation."). Because both parties have offered contrasting, reasonable interpretations, there remains a genuine dispute as to a material fact and summary judgment is inappropriate. Consequently, the plaintiffs are not entitled to judgment as a matter of law.

**Conclusion**

For the reasons set forth above, we find that genuine disputes as to material facts exist. Accordingly, we will deny the plaintiffs' motion for partial summary judgment. An appropriate order follows.

**Date: October 29, 2018**                **BY THE COURT:**

                                          s/ James M. Munley
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**